

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| WILLIAM CHAPPELL,<br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT,<br>WARDEN B.M., ANTONELLI, ASST.<br>WARDEN MODIER, ASST. WARDEN<br>JANSON, CAPT. JONES, LT. K. HARDY,<br>LT. YANIGUEZ, DR. PHVSCH, MRS.<br>TRUESDALE, CSO D. WILCOX, CSO G.<br>HILL, CSO JOHN DOE, SCO A. COLES,<br>CSO D. DINKINS, CSO SMITH, CSO Y.<br>BRUNSON, CSO MR. HARDINSON, CSO<br>MR. MOORE, CSO MR. CARROEN, and<br>CSO MR. ORTIZ,<br>          Defendants. | CIVIL ACTION   9:20-316-MGL-MHC |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE,
AND RENDERING AS MOOT DEFENDANTS' MOTION TO DISMISS**

Plaintiff William Chappell (Chappell), who is self represented, filed this action against the defendants listed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting this action be dismissed for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 11, 2021, but Chappell failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED** for failure to prosecute. Accordingly, Defendants' motion to dismiss is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 4th day of February, 2021, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.